## ESTATE OF FRANCIS BLACK, A DRUNKARD.

APPEAL BY SARAH L. BLACK, COMMITTEE, FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 14, 1890—Decided February 3, 1890.

The fact that an habitual drunkard, so found by inquisition, is engaged in his business as a mechanic in a regular way, after the finding as before, is proof of sufficient mental soundness to sustain his receipt of money in discharge of his debtor from an indebtedness for labor performed.

Before Paxson, C. J., Sterrett, Green, Williams, Mc-Collum and Mitchell, JJ.

No. 460 January Term 1889, Sup. Ct.; court below, No. 500 June Term 1885, C. P. No. 4.

On April 10, 1888, the account of Sarah L. Black, committee of Francis Black, an habitual drunkard, was filed, and subsequently referred to *Mr. W. Egbert Mitchell*, as auditor.

At the hearing before the auditor, the executors of Mary Ann Stiefel claimed payment of a judgment for $200 entered August 30, 1886, on a judgment note dated January 21, 1885. The committee introduced as a set-off two items of $98.96 and $39.30, for work done by Black for Mrs. Stiefel in 1886. A receipt signed by Black for the item of $98.96, was produced by the claimants. The auditor held that the payment to Black after inquisition found was irregular, and did not discharge the indebtedness, reporting accordingly.

Exceptions filed by the executors of Mrs. Stiefel were disposed of by the court in the following opinion, Arnold, J.:

Francis Black gave his promissory note to Mrs. Mary Ann Stiefel, dated January 21, 1885, for $200, in one year, with a warrant of attorney to enter judgment thereon, and judgment was entered on it on August 30, 1886. In the meantime a petition had been filed on June 3, 1885, for an inquisition into the habits of the said Francis Black, which resulted in the finding that he was an habitual drunkard. This finding is dated

Opinion of Court below.

August 1, 1885, and was filed in court on August 3, 1885; but a committee was not appointed until February 28, 1887. Black is a house carpenter, and did work for Mrs. Stiefel, from January 8 to March 9, 1886, amounting to $98.96, for which Mrs. Stiefel had a receipted bill, dated March 27, 1886; and from March 19 to June 12, 1886, for $39.30, which still remains unpaid, according to Black's books. The auditor rejected the receipt for $98.96, and deducted that amount, as well as the $39.30, from the $200 due to Mrs. Stiefel's estate, and this is the principal exception urged.

The learned auditor, relying upon the rule of law that a lunatic, duly found, is incapacitated from dealing with his estate, has given that rule a strained construction so as to include a case not covered by the rule. As to his property, no one but the committee can dispose of it. But if a lunatic has a lucid interval, or an habitual drunkard becomes sober and earns money with his brain or hands, he may receive pay and give a valid discharge therefor.

It never was intended that a person employing a mechanic or dealing with a tradesman, should be compelled to go to the office of the courts of the several counties or states to inquire if he is a declared lunatic or drunkard, before paying him. The rule is sufficiently hard when applied to executory contracts; but an executed contract, bona fide, cannot be avoided by proof of insanity at the time, unless the party dealing with the lunatic had knowledge of his mental condition: Beals v. See, 10 Pa. 56; Lancaster Co. N. Bank v. Moore, 78 Pa. 407. That a lis pendens is constructive notice of a man's mental condition, is very much to be doubted, said Mr. Justice Paxson, in Moore v. Hershey, 90 Pa. 196. Proof that an habitual drunkard or lunatic had judgment and memory enough to understand what he was doing, will be sufficient to sustain his contract or act: Noel v. Karper, 53 Pa. 97. It seems reasonable, therefore, that if a drunkard, so found by inquisition, carries on his business in a regular way, after the finding as before, the fact that he is carrying on his business, is proof of sufficient mental condition to sustain his receipt of money discharging his debtor. A sane act by an insane man is valid and binding on him: Kneedler's App., 92 Pa. 428.

The exception to the disallowance of the payment of the sum

of $98.96, is sustained, and all the other exceptions are dismissed.

—Thereupon the committee took this appeal, specifying that the court erred in sustaining the exception as to the receipt for $98.96.

*Mr. Frederick Gaston* (with him *Mr. John E. Faunce*), for the appellant.

Counsel cited: Noel v. Karper, 53 Pa. 97; Lancaster Co. N. Bank v. Moore, 78 Pa. 407; Kneedler's App., 92 Pa. 428; Imhoff v. Witmer, 31 Pa. 244; Klohs v. Klohs, 61 Pa. 245; Clark v. Caldwell, 6 W. 139; Hannum's App., 9 Pa. 471.

*Mr. J. Campbell Lancaster* (with him *Mr. Wm. Henry Lex*), for the appellee.

Counsel cited: Beaty v. Bordwell, 91 Pa. 438; Moore v. Hershey, 98 Pa. 200; Niell v. Morely, 9 Ves. 478; Molton v. Camroux, 4 Exch. 19; Dane v. Kirkwall, 8 C. & P. 679; La Rue v. Gilkyson, 4 Pa. 375; Rogers' App., 119 Pa. 183.

PER CURIAM:

This case is affirmed on the opinion of the learned judge of the court below.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.