(74 App. Div. 356.)

### GOLDSTEIN v. GOLDMAN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. ATTACHMENT CLAIMANT'S BOND—ACTIONS ON—BURDEN OF PROOF.
    Code Civ. Proc. § 2912, provides that, where attached property is claimed by a third party, he shall be given possession on executing a bond conditioned that, in an action to be commenced within three months, he will establish that he was the owner thereof, or pay the value. *Held* that, in an action on such a bond, the burden is on the defendant to establish ownership.

2. SAME—PLEADING—MATTER TO BE PROVED.
    Where the complaint in an action on an attachment claimant's bond alleged that defendant gave plaintiff a bond conditioned "to pay the

value of the property, to wit," a certain sum, and the allegation was not denied, it was not necessary for plaintiff to offer any proof on the subject.

3. SAME—OWNERSHIP OF PROPERTY—EVIDENCE.

In an action on a bond, it appeared that the obligor had given the same, claiming to be the owner of certain furniture attached by plaintiff as belonging to a third person; that the latter kept a stock of furniture, and that the furniture attached had been taken on a Friday or Saturday night, after 11 o'clock, from the store to a place kept by the obligor's brother-in-law, and that some of it was sold on Sunday and the balance on Monday morning following; and that the obligor worked for the brother-in-law for· $1.50 a day. On the trial the obligor could not tell of what the stock consisted, but claimed he purchased it for $700,— $200 in cash, and a check for $500 borrowed from his brother-in-law; and the latter testified that he loaned obligor $500 in cash, but gave him no check. The attachment defendant was in court, but was not called by the obligor, and it appeared from questions put to the latter that he was reluctant to admit that the attachment defendant was present. *Held*, that the evidence· justified a finding that the obligor was not the owner.

Appeal from trial term, New York county.

Action by Louis Goldstein against Isadore Goldman and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Moses Feltenstein, for appellants.
Abraham B. Schleimer, for respondent.

McLAUGHLIN, J. One Sadie Tischler brought an action in the municipal court of the city of New York against Abraham Fishman to recover the purchase price of certain furniture alleged to have been sold by her and her assignors to· him; and in the action a warrant of attachment was issued, and a levy made by the· marshal upon some of the furniture claimed to belong to Fishman, but which was at the time· in possession of the defendant Isadore Goldman. Goldman claimed the property levied upon, and he thereupon, in order to keep possession of it, gave the bond provided for in section 2912 of the Code of Civil Procedure. Tischler had a judgment, which she thereafter assigned to this plaintiff, together with her claim against Goldman by virtue of the bond given by him. The bond provided as follows:

"The condition of the above-bounden obligation is that in an action upon this bond, to be commenced within three months thereafter, the claimant, the above-bounded Isadore Goldman, will establish that he was the general owner of the property claimed at the time of the seizure, or, if he fails to do so, he will pay the value thereof, with interest; then these presents to be void; otherwise to remain in full force and effect."

Within the three months specified, this· plaintiff brought an action upon the bond against Goldman to recover the amount specified therein. She had a verdict for the amount claimed, and from the judgment thereafter entered Goldman and the sureties upon the bond have appealed.

The ground upon which the writ of attachment was issued was that Fishman had given Goldman possession of the property levied

on, with the intent and for the purpose of cheating and defrauding the plaintiff and other creditors. The appellants attack the judgment principally upon two grounds: (1) That the plaintiff failed to establish the value of the property levied on; and (2) that the court erred in instructing the jury that the burden of proof was upon the defendants to establish the ownership of the property, and in refusing to instruct, at defendants' request, that the burden was upon the plaintiff to show that the sale was fraudulent.

1. The complaint charged that, by the bond given, the defendants obligated themselves, and thereby promised and agreed, to pay "the value of the property levied upon at that time, to wit, $410.75." This allegation was not denied in the answer. It was therefore admitted, and there was no necessity for the plaintiff to offer any proof upon that subject.

2. The court did not err in charging as he did, nor in refusing to instruct as requested by defendants. The burden of proof never shifts. Kay v. Railway Co., 163 N. Y. 447, 57 N. E. 751. It may, upon a trial, assume such shape, when the burden is upon a defendant, that a plaintiff may be compelled to overcome the evidence which has been offered, but this does not shift the burden of proof. Here the condition of the bond is that, if an action be brought within the time specified, the claimant, Goldman, would establish that he was the owner of the property claimed at the time the levy was made. Under this condition of the bond, if the evidence were evenly balanced, at the close of the trial the plaintiff would be entitled to a verdict; and the trial court, in substance, so held, and correctly instructed the jury upon the subject. But the evidence offered upon the trial as to the ownership of the property was not evenly balanced. On the contrary, its character was such as to amply justify (even if it be assumed that the burden of proof was upon the plaintiff) the jury in rendering a verdict in favor of the plaintiff. In this connection it appeared that Fishman owned a stock of furniture, of quite considerable value, which was kept in two different stores, and that it was taken on Friday or Saturday night, between 11 and 12 o'clock, from the stores, to a place kept by Wang, a brother-in-law of Goldman; that some of it was sold on the Sunday and the balance on the Monday morning following; that Goldman was a journeyman, working for his brother-in-law for $1.50 per day. Goldman was examined upon the trial, and his testimony is quite unsatisfactory. He could not tell of what the stock consisted, or whether he sold and disposed of the greater part of it on the Sunday morning following. He did, however, claim that he purchased the stock, and paid therefor $700; that he gave $200 in cash, and a check for $500, which he borrowed from Wang. Wang testified that he loaned Goldman $500 in cash, but did not let him have a check, and that Goldman's testimony in that respect was a mistake. Fishman was in court, but was not called by the defendant as a witness, and that he did not want him called is evidenced by the following questions and answers put to Goldman when he was testifying:

"Q. Is Mr. Fishman in court? A. I don't know. Q. Look around and see if Mr. Fishman is here. A. I don't need to. You can look around. By

the Court: Q. Is Mr. Fishman in court? A. I don't know. The court:
Look around and see. A. Yes; Mr. Fishman is in court."

Nor did the defendant produce the inventory of the property which
he claimed to have purchased, or call the persons who removed it,
or give any satisfactory evidence whatever touching the value of the
same. The defendant therefore not only failed to comply with the
condition of the bond, by establishing that he was the owner of the
property levied upon, for which reason the verdict was right, but,
had the burden been upon the plaintiff to establish that he was not
the owner, that he did not buy it in good faith, and that the trans-
fer was made for the sole purpose of hindering, delaying, and defraud-
ing creditors, it would have justified the jury in finding that such
facts had been established.

The judgment and order appealed from are right, and must be af-
firmed, with costs. All concur.