### JACOBSON v. SCHIFFER et al.

(Supreme Court, Appellate Term. June 28, 1908.)

1. FRAUDS, STATUTE OF—BURDEN OF PROOF—CONTRACT OF EMPLOYMENT—TIME WHEN MADE.

  Where, in an action by an employé for breach of an oral contract of employment for a year, the issue was whether the contract was made on the day the year began or prior thereto, the employé had the burden of proving that the contract was made on the day the year began, and therefore was not within the statute of frauds.

  [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 373.]

2. SAME—INSTRUCTIONS.

  An instruction, in an action by an employé for breach of an oral contract of employment for a year, that the employer had the burden of sustaining the defense of the statute of frauds after the employé had made out a prima facie case was erroneous; the burden of proving that the contract was not within the statute being on the employé throughout the case.

  [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 373.]

Appeal from City Court of New York, Trial Term.

Action by Albert Jacobson against Herman Schiffer and others.

From an judgment for plaintiff, defendants appeal. **Reversed, and** new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

Cooke & Forsch (David Gerber and Albert Forsch, of counsel), for appellants.

Paul Hellinger (Henry C. Burnstine, of counsel), for respondent.

LEVENTRITT, J. This is an action by an employé against his employers to recover damages for breach of contract of employment. The plaintiff pleaded, and presented proof tending to support, an oral contract made on April 15, 1905, and expiring April 15, 1906. He was discharged on November 3, 1905. The defendants denied the terms of the contract and pleaded the statute of frauds. The basis of that plea was that the contract was made on April 12, 1905, and, if it was not to expire until April 15, 1906, as the plaintiff contended, it was void because not reduced to writing. Whether the contract was made on April 12th or April 15th was sharply contested at the trial. If made on the former date, the statute applied, and the plaintiff could not recover; if on the latter, the statute did not apply, and an obstacle to his recovery had been removed. Therefore the question upon whom rested the burden of proof to establish the correct date, and the consequent application or nonapplication of the statute, became all important. That question was involved in various requests made by the plaintiff's counsel and charged by the court, as follows:

"(1) I ask your honor to charge the jury that the burden is upon the defendant to establish by a preponderance of the evidence the making of this contract before the 15th of April. In other words, the affirmative defense as to the statute of frauds—the burden of establishing it—is on the other side.

"(2) I ask your honor to charge the jury that in making out our prima facie case it was incumbent upon the plaintiff to show that a contract was made that was not within the statute of frauds.

"(3) I ask your honor to charge that the burden on the defendants in regard to the statute of frauds is simply to sustain the affirmative defense in their pleading.

"(4) In regard to the statute of frauds, the burden is on the defendants to establish their affirmative defense of it after plaintiff has made out a prima facie case without the statute."

To the first and fourth requests the defendants interposed exceptions, which require a reversal of the judgment which the plaintiff recovered.

The jury was first instructed that the burden rested upon the defendants to establish the making of the contract before April 15th, and the resulting application of the statute; again, that it was necessary to the plaintiff's prima facie case that he should show that the contract was not within the statute; and, finally, that the burden was on the defendants to sustain the affirmative defense of the statute after the plaintiff had made out such a prima facie case. Without considering the effect upon the jury of these inconsistent and confusing propositions, the two challenged by the defendants are contrary to law; the first because it cast upon the defendants a burden which rested on the plaintiff, and the other because it shifted on the defendants a burden which the plaintiff was bound to bear from the beginning to the end of the trial. In

fact, the burden of proof never shifts. Kay v. Met. St. Ry. Co., 163 N. Y. 447, 57 N. E. 751; Goldstein v. Goldman, 74 App. Div. 356, 77 N. Y. Supp. 699.

The judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.