## Gorgas *v.* Saxman, Appellant.

*Mortgage—Tender—Weak-minded persons—Act of June 25, 1895, P. L. 300.*

|         |      |
|---------|------|
| 216     | 237  |
| f221    | 108  |

Where a mortgagor with the aid of a physician satisfies himself that the mortgagee is of unsound mind, and acting upon this belief makes no tender of an installment due on the mortgage, and does not pay the installment into court, he will be liable for interest on the installment until the time when it is subsequently paid; and this is the case although the mortgagee was, subsequently to the time when the installment was due, in proceedings under the act of June 25, 1895, found to be of weak mind.

The act of June 25, 1895, operates prospectively in order to protect a person, not a lunatic, nor an habitual drunkard, but of weak mind, against his own improvidence thereafter. The power to find how long the person has been weak-minded, is not conferred by the act.

Argued Oct. 11, 1906. Appeal, No. 175, Oct. T., 1906, by defendant, from order of C. P. Westmoreland Co., Feb. T., 1906, No. 228, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Samuel L. Gorgas v. Marcus W. Saxman. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mortgage. Before DOTY, P. J.

The facts are stated in the opinion of the Supreme Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

238 · GORGAS *v.* SAXMAN, Appellant.

*Error assigned* was the order of the court.

*James S. Moorhead,* with him *Robert W. Smith,* for appellants, cited : Gensemer's Estate, 170 Pa. 96.

*W. C. Peoples,* with him *W. M. Potter* and *D. S. Atkinson,* for appellee, cited : Black's Estate, 132 Pa. 134 ; Fritz v. Heyl, 93 Pa. 77 ; Thornton v. Britton, 144 Pa. 126 ; Hummel v. Brown, 24 Pa. 310 ; Schaeffer's Estate, 9 Sergeant & Rawle, 263 ; Bouillou's Est., 9 W. N. C. 14 ; King v. Kelly, 51 Pa. 36.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907 :

Saxman was the mortgagor ; Gorgas the mortgagee. Two installments of the mortgage in the sum of $7,000 each, together with the accrued interest thereon, were due and unpaid. A scire facias was issued to enforce payment of the same. The appellants do not deny the amount of the payments due nor the accrued interest thereon up to a certain time, but claim that before the payments were made the mortgagor received notice from some source, not disclosed by the pleadings, that he should not pay Mr. Gorgas, because he was of unsound mind and not competent to transact business. Acting upon this information, he called upon Mr. Gorgas in company with a physician and having satisfied himself that the mortgagee was not of sound mind, did not either tender the amount of money then due, or make any further arrangement in reference to the payment of the same. It is contended that what was done was equivalent to a tender, and that interest should not be charged since the date of the discovery of the alleged inability of mortgagee to receive payment. The court below, very properly, held under these circumstances, that a legal defense was not made out by the affidavits filed, and directed judgment to be entered in favor of the plaintiff. In this we see no error. The debt was one of record. The mortgage provided for the payment of certain sums at certain times with accrued interest thereon. There was no tender in fact made to stop the interest, nor was anything done which could be construed in law as equivalent to a tender.

It is argued that the good faith of the mortgagor in making an effort to ascertain the mental condition of the mortgagee,

and in relying on the information thus obtained, is shown by the subsequent proceedings instituted in the courts of Beaver county under the Act of June 25, 1895, P. L. 300, in which the mortgagee was found to be of weak mind and a guardian was appointed. It will be observed, however, that a proceeding under the provisions of that act is different in scope and character from one de lunatico inquirendo. It is an act intended for the protection of persons unable to care for their own property, and is not so far reaching as a proceeding in lunacy. The power to find how long the person hath been weak-minded, and to make decrees regarding the disposition of property made prior thereto, is not conferred by the statute. It is apparent that the act was intended to operate prospectively, in order to protect a person, not a lunatic, nor an habitual drunkard, but weak-minded, against his own improvidence thereafter. Indeed, it is provided in section five that from and after the entry of the decree, the weak-minded person shall be incapable of making a contract, or gift, or any instrument in writing, thus clearly fixing the time when in contemplation of the law he is no longer able to act for himself, and giving notice to the world that thereafter all contracts relating to his estate must be made with the guardian and approved by the court. So far as the record shows, no legal reason appears why the mortgagor would not have been justified in making payment to the mortgagee, and if such payment had been made, and the record properly receipted it would have been held to be a good acquittance. Again, if the mortgagor thought he could not safely make payment to the mortgagee, and had desired to stop interest, he could have asked leave to pay the money into court, and permission so to do would have relieved and fully protected him. The argument so ably made by the learned counsel for appellants, is not only ingenious but it has the additional merit of being founded in equity, but it is clearly open to the objection, which in this instance must be sustained, that a rule made to cover the exigencies of a particular case makes bad law generally.

Judgment affirmed.