Mulholland et al., Appellant, *v.* Sterling Motor Truck Co.

Argued December 6, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*H. G. Lowenstein,* with him *Hassrick, Stewart, Streeper & Abrahams,* for appellant.

*Walter B. Gibbons* and *Daniel C. Donoghue,* for appellee.

PER CURIAM, January 3, 1933:

Plaintiff's amended bill in equity sought cancellation of four conditional sales contracts and a bailment lease and return of all money paid thereunder on the ground that at the time of entering into these contracts William P. Mulholland was a lunatic without lucid intervals. Testimony was taken before a chancellor, who found as a fact that, at the time of entering into each of the contracts, Mulholland was not a lunatic and was mentally capable of making contracts validly binding upon him. Plaintiff's bill was accordingly dismissed. The chancellor's findings and decree entered thereunder were approved by the court in banc, whereupon plaintiff took the present appeal.

The first of the contracts in question was made April 20, 1926, and the last October 22, 1929. On April 30, 1931, by inquisition of the Court of Common Pleas No. 1, of Philadelphia County, William P. Mulholland was found upon ex parte proceedings to be a lunatic and to have been a lunatic for five years without lucid intervals. So far as the validity of the contracts was concerned, the finding of the inquisition was prima facie evidence of insanity and cast upon defendant the burden of establishing the other party's competency to contract: Noel v. Karper, 53 Pa. 97. A finding of lunacy, however, is not

conclusive and may be rebutted: Hutchinson v. Sandt, 4 Rawle 233, 238; Moore v. Hershey, 90 Pa. 196, 202. In ascertaining the mental condition of Mulholland at the time of entering into the contracts, evidence as to other transactions made prior to or shortly after the dates in question is admissible "as corroborative of his condition at the date[s] of the agreement[s]:" Rubins v. Hamnett, 294 Pa. 295, 299.

Inasmuch as the chancellor's finding of sanity at the dates of the contracts was approved by the court in banc and is supported by adequate evidence properly admitted, this finding has the effect of a jury's verdict and we are concluded thereby: Fuerstein v. New Century Realty Co., 304 Pa. 271, 273; Belmont Laboratories v. Heist, 300 Pa. 542, 546.

Appellant contends that the nine motor trucks, which are the subject-matter of the contracts, were repossessed by appellee without complying with the requirements of the Uniform Conditional Sales Act of 1925. This argument is entirely unavailing, for, as pointed out by the opinion sur exceptions filed by the court below, "the four original conditional sales contracts were superseded by the bailment lease of October 22, 1929, which embraced all nine trucks covered by the prior four conditional sales contracts." In addition, it should be noted that, so far as defendant was concerned, the bailment lease was an executed contract, and inasmuch as the parties could not be returned to the status quo, plaintiff could not recover his payments even if he had been insane at the time of making the agreements, since there is no evidence of fraud or overreaching on the part of defendant. See 32 C. J. 734, section 510. The finding that he was sane on the dates of the contracts precludes any question of rescission.

The decree of the court below is affirmed at appellant's cost.