SALVATORE M. VELLA, Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

Fourth Department, June 26, 1935.

*Salvatore M. Vella,* for the appellant.

*Nathan Relin,* for the respondent.

LEWIS, J. This appeal tests the sufficiency of the complaint in an action upon a statutory bond given under section 82 of the Justice Court Act.

Prior to the instant case the plaintiff, as assignee of his wife, had brought suit in the City Court of Rochester to recover certain past due rentals. In the course of that action plaintiff caused a warrant of attachment to be issued against an automobile which he claimed to be the property of the delinquent tenants. At that point C. I. T.

Corporation, a third party, claimed title to the automobile so attached and the right to its possession. Thereafter the defendant delivered to the City Court its written undertaking for the purpose of discharging the attachment. The complaint now before us is in an action brought by the plaintiff in the County Court of Monroe county upon the undertaking filed by the defendant. The order of the County Court directs the dismissal of the complaint upon the grounds " (1) that it appears on the face of the complaint that the Court has not jurisdiction of the subject-matter of this action; (2) that there is another proceeding pending involving the same subject matter; and (3) that the complaint does not state facts sufficient to constitute a cause of action." We do not agree with the determination.

The City Court of Rochester is not a court of record. (Judiciary Law, § 3, subd. 4.) Although the statutes do not afford an exclusive remedy in that court to a third party claimant to attached property, we find that section 494 of the charter of the city of Rochester, as added by chapter 495 of the Laws of 1918, authorized the City Court to issue warrants of attachment in the same cases (except as to amount) and in the same manner as specified in chapter 19 of the Code of Civil Procedure, including section 2912, the provisions of which have been transposed to section 82 of the Justice Court Act which provides:

" § 82. Claim by third person; bond and delivery thereon. If a person not a party to the action claims any property attached which is not reclaimed by the defendant, as prescribed in the last section, he may, at any time after the seizure and before execution is issued upon a judgment rendered in the action, execute and file with the justice a bond to the plaintiff, with one or more sureties approved by the constable or by the justice, in a penalty at least twice the value of the property claimed, and conditioned that, in an action upon the bond, to be commenced within three months thereafter, the claimant will establish that he was the general owner of the property claimed at the time of the seizure; or, if he fails so to do, that he will pay to the plaintiff the value thereof, with interest. The constable must thereupon redeliver the property claimed to the claimant."

In accord with the terms of that statute the defendant surety company executed and filed with the City Court the bond which forms the basis of plaintiff's complaint. The condition of the undertaking, which follows closely the language of the statute, is as follows: " The condition of the above-bounden obligation is that [in] an action upon this bond, * * * to be commenced within three months thereafter, the claimant, the above-bounden C. I. T. Cor-

poration will establish that it was the owner and entitled to the possession of the property claimed at the time of the seizure or if it fails to do so that it will pay the value thereof with interest, then these presents to be void otherwise to remain in full force and effect."

It will be noted that section 82 of the Justice Court Act does not require leave of the court or judge as a prerequisite to suit upon the bond; nor is it necessary that the sheriff be joined as a coplaintiff as required by section 943 of the Civil Practice Act. The only limitation, fixed by the statute, to an action upon an undertaking filed in City Court to discharge an attachment is that the suit be commenced within three months after the bond is filed with the court. The plaintiff has alleged compliance with that limitation which, for the purpose of this motion, must be considered as factually true.

We cannot say that the failure to make C. I. T. Corporation — the third party claimant — a party defendant justifies a dismissal of the complaint, in view of the fact that it does not appear that such claimant signed the undertaking upon which plaintiff's alleged cause of action rests. In that connection it may be noted that by the requirements of the statute (Justice Court Act, § 82), and by the terms and conditions of the bond in suit, the defendant surety company has undertaken that, in an action upon the bond, the C. I. T. Corporation as a third party claimant will establish its ownership of the attached property and, if such claimant fails to do so, that it will pay to the plaintiff the value of the property which has been released from attachment. In other words, the defendant, by the conditions of its own statutory bond has in practical effect framed the chief issues to be tried and has assumed the burden of proof upon those issues. (*Goldstein* v. *Goldman*, 74 App. Div. 356.)

Although jurisdiction is conferred upon the City Court of Rochester in actions upon bonds of various kinds, including the type involved here (Charter of City of Rochester, § 488, subds. 7, 8, as added by Laws of 1918, chap. 495), the jurisdiction so afforded is not exclusive. We find nothing to indicate that the County Court is lacking in jurisdiction of the subject-matter of this action.

Nor can we agree with the county judge that the complaint should be dismissed because " there is another proceeding pending involving the same subject-matter." Dismissal because another action is pending is authorized under the rule when such pending action is " between the *same parties* for the *same cause*." (Civ. Prac. Act, § 278; Rules Civ. Prac. rules 106, 107, 110.) The action which the defendant claims to be pending is the action in the City Court of Rochester to which reference has been made. In our opinion such an action for rent does not involve the same " cause " as an action upon a statutory bond given to discharge an attachment.

Furthermore, the two actions are not " between the same parties;" the defendant in the action now before us is not a party to the City Court action. (*Avery* v. *Title Guarantee & Trust Co.*, 230 App. Div. 519, 521.) Another test to be applied is whether the rights of the plaintiff in the action at bar will be fully protected in the City Court action. (3 Carmody N. Y. Prac. p. 2255, § 1044.)

Despite the misuse of the word " consideration " in various allegations of the complaint which is properly criticized by the defendant, we believe the complaint pleads — perhaps inartistically — a cause of action upon a bond. The form and content of the demand for judgment is also the subject of criticism which, however, we may properly disregard under the rule that upon a motion to dismiss a complaint for insufficiency, " the prayer for relief is not the determining factor with respect to the character of the cause of action set out in the complaint." (*Bloom* v. *Gelb*, 227 App. Div. 619; *Traub* v. *Arrow Manufacturing Corp.*, 207 id. 292, 296.) Although the demurrer in our practice has given way to certain motions addressed to the pleadings, there is revealing light from an earlier statement: " The defendant cannot demur to the prayer for relief. He must demur to the facts alleged." (*Mackey* v. *Auer*, 8 Hun, 180, 183; *Schenectady Contracting Co.* v. *Schenectady R. Co.*, 106 App. Div. 336, 339.)

We are required to construe pleadings " liberally   *   *   *   with a view to substantial justice between the parties " (Civ. Prac. Act, § 275), and " ' every intendment and fair inference is in favor of the pleading.' " (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 432.) The application of that rule to this appeal calls for a reversal of the judgment and order from which appeal is taken, with costs, and a denial of defendant's motion to dismiss the complaint, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days upon payment of costs.