SALVATORE M. VELLA (ANNA W. VELLA, Substituted Party Plaintiff), Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

Fourth Department, June 28, 1939.

*Matthias Cook* [*Nathan Relin* and *Joseph G. Myerson* with him on the brief], for the appellant.

*Salvatore M. Vella,* for the respondent.

PER CURIAM.   Defendant appeals from a judgment of the County Court of Monroe county in plaintiff's favor for the sum of $600. The action is brought upon a statutory bond given by the defendant under section 82 of the Justice Court Act.   Upon stipulation of counsel for the parties, the trial was had before the court without a jury and the judgment appealed from was entered upon the findings of fact and conclusions of law made by the court.

The issue presented by the pleadings was whether C. I. T. Corporation of Scranton, Pa.— a third person claimant — was the general owner of an automobile which was discharged from the lien of an attachment pursuant to section 82 of the Justice Court Act.   (See *Vella* v. *United States Fidelity & Guaranty Co.,* 245 App. Div. 339.)

The record discloses the following facts which were established upon the trial: In June, 1934, an action was commenced in the City Court of Rochester, N. Y. (not a court of record), by the plaintiff herein, against one Tangeman and wife, to recover on a contract debt.   In that action, plaintiff procured a warrant of attachment

against the property of Tangeman and a city constable, purporting to act thereunder, seized an automobile found in Tangeman's possession. Thereafter, the defendant (in this action) executed and filed, in the City Court, its $1,200 bond to plaintiff. The condition of the bond was that, in an action thereon, the C. I. T. Corporation would establish that it was the general owner of the automobile at the time of the attachment or that, upon failure so to do, the defendant would pay to the plaintiff the value of the automobile, with interest. This automobile was delivered to Tangeman at Scranton, Pa., on May 8, 1934, pursuant to a written instrument — then and there made and executed by C. & S. Motor Company as lessor, and Tangeman as lessee — wherein he acknowledged having that day (May 8, 1934) received this automobile from C. & S. Motor Company of Scranton, which he agreed to keep, as lessee thereof, at his residence in Scranton. The instrument further provided that the automobile was leased by the C. & S. Motor Company to Tangeman for twelve months, at a total rental of $1,062.80, of which the receipt of $425 was acknowledged and Tangeman agreed to pay the balance in twelve equal monthly installments of $53.15 each; upon the expiration of the term, Tangeman agreed to surrender the automobile to the C. & S. Motor Company, subject to the proviso, however, that if he complied with all of the terms and conditions of the lease, he would have the option to purchase the automobile at any time within thirty days after the expiration of the term, upon payment of the sum of one dollar. This contract, commonly known as a Pennsylvania bailment lease, was sold, assigned and transferred by the C. & S. Motor Company to C. I. T. Corporation, pursuant to a written assignment. The lease was not filed in either Pennsylvania or this State.

Section 361 of the Pennsylvania Sales Act, so far as pertinent, reads: " In this act ' conditional sale ' means any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price or upon the performance of any other condition or the happening of any contingency."

Section 402 of the Pennsylvania Sales Act reads: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the condi-

tional sale." (See Purdon's Penna. Statutes Annotated [Permanent ed.], tit. 69.)

The County Court, upon the foregoing facts, determined that the above-described instrument was a contract of conditional sale which, under the laws of Pennsylvania, was void as to plaintiff because it had not been filed and plaintiff had no notice of its existence at the time the automobile was attached.

We are of the opinion that this determination was erroneous. The bailment lease, pursuant to which C. & S. Motor Company delivered the automobile to Tangeman, was not — under Pennsylvania law — a contract of conditional sale; it was not required to be filed and was not void as against plaintiff's attachment. (*Mulholland* v. *Sterling Motor Truck Co.*, 309 Penn. St. 590, 592; 164 A. 597; *Decker* v. *Williams*, 130 Penn. Sup. Ct. 100; 196 A. 910; *General Motors Acceptance Corp.* v. *Hartman*, 114 Penn. Sup. Ct. 544; 174 A. 795; *Stern & Co.* v. *Paul*, 96 Penn. Sup. Ct. 112.) (See, also, *General Motors Acceptance Corp.* v. *Horton.* 85 F. [2d] 452.)

The defendant, therefore, sustained the burden of establishing that C. I. T. Corporation was the general owner of this automobile at the time of its seizure under plaintiff's writ of attachment and is not liable to plaintiff upon its bond.

The judgment should be reversed on the law and facts, with costs, and the complaint dismissed, with costs. Finding of fact numbered " 1 " is disapproved and reversed and certain new findings of fact are made.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings made.