■ MORTIMER J. MAHONEY et al., Appellants, v. PATRICIA OGDEN, Respondent, et al., Defendant.— In an action to abate a nuisance, to recover money damages, and for other relief, the appeal is from so much of an order as granted respondent's motion to strike from the complaint a paragraph alleging the assignment to appellants of their vendors' right to damages arising out of the nuisance. Order modified (1) by striking from the first ordering paragraph the words "granted as herein provided, and it is further" and by substituting therefor the words "denied in all respects", and (2) by striking from said order the second ordering paragraph. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants, with leave to respondent to serve an answer to the complaint within 10 days after the entry of the order hereon, if she be so advised. Appellants allege that they seek money damages for "reduction in the market value of the premises", that is, for injury to the fee. Appellants' vendors never had a right of action for such permanent injury and consequently no right to such damages could accrue to appellants by virtue of the assignment from their vendors (Pappenheim v. Metropolitan El. Ry. Co., 128 N. Y. 436). However,

the vendors assigned their right "to all damages suffered" to appellants, which would include loss of rental value. The right to sue for damages for such temporary loss was not extinguished by the conveyance (*Pappenheim* v. *Metropolitan El. Ry. Co.*, *supra*). Such damages may be recovered in an action brought primarily to abate the nuisance (*Lynch* v. *Metropolitan El. Ry. Co.*, 129 N. Y. 274). The right to such damages is assignable (Personal Property Law, § 41; *McKee* v. *Judd*, 12 N. Y. 622; *Matter of Alfred Frank, Inc.*, [*Melniker*], 278 App. Div. 862; *Porter* v. *Lane Constr. Corp.*, 212 App. Div. 528, affd. 244 N. Y. 523). Improper labelling will not defeat an otherwise good cause of action (*Hauser* v. *Bartow*, 273 N. Y. 370). The prayer for relief may be disregarded in determining the sufficiency of a cause of action (*Vella* v. *United States Fidelity & Guar. Co.*, 245 App. Div. 339). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.