## Sobel Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Melvin Lashner, Adelman & Lavine,* for petitioners.

*Abraham L. Shapiro, H. Laddie Montague, Jr., Cohen, Shapiro, Berger & Cohen,* for respondents.

KLEIN, P. J., May 7, 1965.—By decree dated October 8, 1963, Shoyer, J., adjudged Sidney Sobel to be an incompetent and appointed Melvin Sobel and Provident Tradesmens Bank and Trust Company, now Provident National Bank, guardians of his estate.

On December 11, 1964, the guardians filed a petition in which they allege, inter alia, that:

"On or about April 30, 1963, prior to his adjudication of incompetency, but at a time when Sidney Sobel was incompetent, he did deposit with Sylvan M. Cohen, Esquire, the sum of $70,660.42. Sylvan M Cohen, Esquire deposited this sum in the accounts of Sidney Sobel's three children as follows:

"1] Andrea Sobel .............$23,537.65
"2] Pauline Sobel ............. 23,585.12
"3] Marilyn Sobel ........... 23,537.65"

Pursuant to the prayer of the petition a citation was issued to the incompetent's three daughters, Andrea, Pauline and Marilyn, all of whom are minors, to show cause why they should not be: (1) Enjoined from further withdrawals from the funds with Sylvan M Cohen, Esq., or (2) ordered to turn over to the guardians of the estate of Sidney Sobel the funds Sidney Sobel deposited with Sylvan M. Cohen, Esq.

Preliminary objections were filed in behalf of the three minor children by Helen Sobel, their mother, in which she contends that:

"1. The Orphans' Court has no jurisdiction over the matters alleged in the petition because the petition seeks to recover funds which on the face of the petition are shown not to have been in the custody, control or possession of the incompetent on the date of his adjudication, October 8, 1963.

"2. The Orphans' Court has no jurisdiction over the matters alleged in the petition because the incompetent had no title to the funds or interest therein on the date of his adjudication, October 8, 1963 and said funds were not registered in the name of the incompetent."

We are all of the opinion that the orphans' court is without jurisdiction in the matter and that the preliminary objections are well taken.

The orphans' court is a court of limited jurisdiction. It exercises only such power as is conferred upon it by statute, expressly or by necessary implication: Mains' Estate, 322 Pa. 243 (1936); Watson's Estate, 314 Pa. 179 (1934); Cutter's Estate, 286 Pa. 505 (1926); Cutler's Estate, 225 Pa. 167 (1909). See also Freihofer Estate, 405 Pa. 165 (1961).

The Orphans' Court Act of 1951 in defining the jurisdiction of the orphans' court provides:

"Sec. 301. The Orphans' Court shall have exclusive jurisdiction of:

"(1) DECEDENTS' ESTATES. The administration and distribution of the real and personal property of decedents' estates . . .

"(4.1) INCOMPETENTS' ESTATES. The administration and distribution of the real and personal property of the estates of incompetents . . ."

It is to be noted that the legislature used precisely the same language in defining the jurisdiction of the

court with reference to the estates of incompetents as it did with respect to decedents' estates.

In Webb Estate, 391 Pa. 584 (1958), Mr. Justice Jones said, at page 586:

"Prior to the Orphans' Court Act of 1951, the jurisdiction of the Orphans' Court to adjudicate the title to personalty depended on whether the personalty was, actually or presumptively, in decedent's possession at the time of death, or thereafter came into the possession of his personal representative: Starz Estate, 353 Pa. 612, 46 A. 2d 486; DiPaola Estate, 350 Pa. 408, 39 A. 2d 519; Brown's Estate, 343 Pa. 230, 22 A. 2d 821; Crisswell's Estate, 334 Pa. 266, 5 A. 2d 577; Keyser's Estate, 329 Pa. 514, 198 A. 125; McGovern's Estate, 322 Pa. 379, 186 A. 89; Williams' Estate, 236 Pa. 259, 84 A. 848; Cutler's Estate, 225 Pa. 167, 73 A. 1111; Balok Estate, 151 Pa. Superior Ct. 592, 30 A. 2d 664; 7 U. of Pitt. L. Rev. 163; 47 Dick. L. Rev. 1."

Although section 301 (13) of the Orphans' Court Act of 1951 considerably broadened the scope of the court's jurisdiction, it did not encompass a situation in which property claimed by a personal representative was in the possession of a third party who claims ownership thereof. Today, as prior to the 1951 Act, such person is not under the jurisdiction of the orphans' court and it has no process to compel him to surrender the property. In such case, the personal representative must bring an action at law or in equity in a court having jurisdiction over the party in possession.

The fact that no provision of any kind is made in the Orphans' Court Act with respect to property of an incompetent similar to section 301 (13) is indeed significant. As a result our jurisdiction in this area is sharply limited.

For years, jurisdiction over the administration and distribution of the estates of incompetents was vested exclusively in the Court of Common Pleas. Concurrent

jurisdiction was conferred by statute upon the Philadelphia Orphans' Court in 1951; exclusive jurisdiction, in 1955.

Nowhere in these statutes or in any other statute is anything found which expands the jurisdiction of the orphans' court by conferring upon it the right to test title to property conveyed by an incompetent prior to the adjudication of incompetency.

In Myers Estate, 395 Pa. 459 (1959), President Judge Bowman of the Orphans' Court of Lancaster County, by decree dated December 18, 1958, found respondent incompetent as of October 17, 1958. On appeal, in an opinion by Mr. Justice Jones, the Supreme Court said, at page 469:

"In this respect the court fell into error. In Gorgas v. Saxman, 216 Pa. 237, 239, 65 A. 619, this Court stated: 'The power to find how long the person has been weak-minded, and to make decrees regarding the disposition of property made prior thereto, is not conferred by the statute. It is apparent that act was intended to operate prospectively, in order to protect a person . . . weak-minded, against his own improvidence thereafter.' See also: Arthur's Case, 136 Pa. Superior Ct. 261, 264, supra; Sigel Estate, 169 Pa. Superior Ct. 425, 429, 430, 82 A. 2d 309. The court below had no power to find incompetency as of October 17, 1958, but only from the date of its decree. The decree must be modified to the extent that it finds incompetency as of October 17, 1958."

On December 18, 1958, which was the date on which the decree of incompetency was entered in the Myers case, the guardian filed a petition in the orphans' court to show cause why a trust agreement executed by the incompetent, on November 17, 1958, which was after the petition to have him adjudged an incompetent had been filed, but before the decree adjudging him to be incompetent was entered, should not be declared null

and void and of no effect. The trustee challenged the jurisdiction of the orphans' court, contending that jurisdiction was exclusively with the court of common pleas. Judge Bowman, in a well considered opinion reported in Myers Estate, 56 Lanc. 537, 10 Fiduc. Rep. 63 (1959), sustained the trustee's contention and dismissed the petition for lack of jurisdiction. He said, at page 72:

"In the matter now before us neither administration nor distribution of the property of an incompetent's estate or of a trust inter vivos is involved. As in Henderson's Estate,* supra, it arises not sur an account of the inter vivos trustee, but sur the petition of the guardian of the incompetent to set aside the deed of trust. It is our opinion, notwithstanding the broadened scope of the Orphans' Court's jurisdiction under the Act of 1951 as revealed by the three cases last referred to, that jurisdiction in the instant matter has not been conferred and that this court must disclaim jurisdiction. Accordingly, the petitioner must institute its proceedings in a court of competent jurisdiction."

We are in full agreement with Judge Bowman's reasoning. The money which was placed in three savings accounts in the name of the incompetent's three minor children was delivered to Mr. Cohen more than five months before the date upon which the decree adjudicating Sidney Sobel an incompetent was entered by Judge Shoyer. Since the funds in question were not in the custody, control or possession of the incompetent when he was adjudicated an incompetent, we are of the opinion that we are without authority in the matter.

In view of our conclusion it is not necessary for us to do more than point out that respondents are minors, ages 8, 11 and 14 years, respectively, and that a guardian has not been appointed to protect their interests.

---

* Henderson Estate, 395 Pa. 215 (1959).

426

We, therefore, enter the following:

DECREE

And now, May 7, 1965, the preliminary objections are sustained.