**Francis E. MANNKE, Appellant,**

v.

**BENJAMIN MOORE & COMPANY.**

**No. 16053.**

United States Court of Appeals
Third Circuit.

Argued Dec. 22, 1966.

Decided March 29, 1967.

Rehearing Denied May 15, 1967.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

David B. Fawcett, Jr., Pittsburgh, Pa. (Robert S. Barker, Dickie, McCamey & Chilcote, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

Mannke, the plaintiff-appellant, had stopped his automobile when it was hit in the rear by a car belonging to Benjamin Moore & Company. Three days later, on September 23, 1963, Mason, an adjuster for Moore and Company's insurance company, Sun Insurance Company, contacted Mannke. On September 30, 1963, Mannke visited Mason at his office where the terms of a release were negotiated but no release was then signed.

The record by Mannke's own testimony shows that at the office conference he complained to Mason of some physical discomfort. The adjuster offered him $93.50; $68.50 for property damage and $25.00 for a medical examination since Mannke had not yet seen a doctor. A contract reciting $93.50 as consideration for the release of all claims for personal injury and property damage was sent to Mannke, was signed by him on October 25, 1963, was witnessed by his wife and was returned to Sun Insurance. Sun Insurance then issued a draft which Mannke received but returned without cashing. On December 20, 1963, an action was instituted in the court below, jurisdiction being founded on diversity of citizenship. The case was tried by a judge and jury.

The defendant-appellee, Moore and Company, pleaded the release as a defense. The trial court, exercising its discretion under Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C., ordered the issue of the validity of the release tried prior to the issues of liability and damages.

At the trial on the issue of the validity of the release Mannke testified that from the occurrence of the accident, including the period in which the release was negotiated and signed, he had suffered lapses of memory and general disorientation. He did not, however, deny the authenticity of his signature on the release. Mannke stated that neither at the time of the conference with Mason on Septem-

ber 30, 1963, nor at the time he signed the release on October 25, 1963, had he seen a doctor or realized that he was injured.[1] At no time, Mannke asserted, did he intend the $25.00 to release his claim for injuries which had not yet manifested themselves.

All evidence relating to the release was presented for the determination of the jury under a special interrogatory limited to the validity of the release. The jury found the release to be valid and judgment was entered against Mannke. It is from the denial of his motion for a new trial that Mannke has taken this appeal. See 251 F.Supp. 1017 (1966).

We have concluded as did the court below that the law of Pennsylvania applies since the Commonwealth is the "center of gravity" of the contest and "has the most significant contacts with the matters in dispute". Auten v. Auten, 308 N.Y. 155, 160, 124 N.E.2d 99, 101–102, 50 A.L.R.2d 246 (1954), as approved in Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

Mannke's motion for new trial was based on several alleged errors of the trial court in its charge to the jury. These will be considered seriatim.

■■ Mannke contends first that the trial court improperly refused to charge that the release was an executory contract of accord without satisfaction and therefore revocable at will. We cannot agree, for the record shows the following sequence of undisputed events that compel a contrary conclusion: Sun Insurance sent a release in accordance with the terms stated by Mason to Mannke and Mannke signed the release on October 25. Sun then issued its draft for the agreed amount which Mannke received on November 14. Mannke did not inform Sun Insurance of his intention to disaffirm the release until December 20. On this ground the trial court correctly distinguished the circumstances of the case at bar from those of Nash v. Atlantic White Tower System, Inc., 404 Pa. 83, 84–85,

170 A.2d 341 (1961). In the Nash case the plaintiff had notified the defendant's insurer of her intention to disaffirm the release agreement before the insurer tendered to her the agreed consideration. This fact, rather than Nash's subsequent refusal to cash the insurer's check, created a basis for the court's charge in Nash that the circumstances could be considered legally as an accord without satisfaction. In the case at bar Mannke's refusal to accept Sun Insurance's tendered check without previously disaffirming the contract. cannot be deemed to vitiate the binding character of the release.

■ Mannke asserts next that although the release may be valid as to the injuries of which he was aware at the time he received the insurer's check, it was not intended to cover injuries which were not known to him at that time. The jury apparently did not agree and there is ample evidence to support its verdict. In a recent opinion, Cady v. Mitchell, 208 Pa.Super. 16, 220 A.2d 373 (1966), the Superior Court of Pennsylvania affirmed the verdict of a jury which in effect found that despite an explicit provision in a release covering unknown injuries, the circumstances surrounding the preparation and signing of the release were so confused that the jury could find that there had been no meeting of the minds and hence the terms of the release relating to unknown injuries could be found by the jury to be invalid. But in the instant case the jury was entitled to draw a contrary inference. The circumstances are clear. The issue before this court is not what we would have found in respect to these circumstances had we been the trial court, but only whether there is sufficient evidence to support the jury's verdict. There was testimony which tended to controvert Mannke's evidence as to his loss of memory. The issue was one of credibility to be weighed and decided by the jury. We cannot say that the jury's

---

[1]. Mannke at the time of the negotiations with Mason stated that he had a slight pain in his back but did not assert any "injury". Notes of Testimony, pp. 35–36.

verdict was not supported by sufficient evidence.

■ Mannke next contends that the trial judge incorrectly charged the jury that "[T]he best evidence of intent of a party [to a release] of course is the actual * * * [release] and [a release] * * * prima facie and presumptively expresses the intention * * *" of the parties. Mannke contends that intention is a subjective state of mind and therefore the terms of the release, under the circumstances of this case, do not demonstrate the intention of the parties. But on reading the trial judge's charge in this respect we find it in no way incompatible with Mannke's contention. The trial judge instructed the jury as to what evidence under the Pennsylvania law should be given weight in determining Mannke's state of mind. He did not negate Mannke's asserted defense of incompetence. The trial judge in effect merely pointed out the legal assumption that a signed document, where the signature is authentic,[2] may be deemed to express accurately the state of mind of a person who signs the document.[3] Moreover, the trial judge had already stated to the jury that "intention is a state of mind". We perceive no error here.

■■ The next assertion of error is closely related to the last. Mannke takes the position that where evidence of incompetency is introduced the jury should not be charged that the release is the best evidence of a releasor's intention to release a claim but also, and emphatically, the jury should not be charged, as it was here, that a "person who signs a release is presumed to know what it contains". Mannke's assertion of error is without merit. The trial judge meticulously explained that while the jury should "start with that legal presumption [as stated] * * * that presump-

tion continues [only] until there is evidence to overcome it." The legal presumption that an adult is competent is the law of Pennsylvania.[4] If the jury had adjudged Mannke's evidence of incompetency credible it was free under the charge as given to determine that the presumption of competence had been "overcome" and that therefore the release was invalid.

■■ If the trial judge did so charge, says Mannke, in order to present the law accurately he should have stated also the allegedly countervailing principle, i. e. that equity will not tolerate a release induced by fraud or mistake of fact. Further, says Mannke, the court and not the jury must decide in the first instance whether the evidence which has been presented to the jury as to the validity or invalidity of a release is "clear, precise and indubitable". In the view of Mannke when the court has decided the issue as to whether or not the evidence as to the invalidity of a release was sufficient to go to the jury then it is the duty of the jury, under a proper charge, here allegedly lacking, to assess the credibility of the witnesses and to determine the issue as to the preponderance of the evidence. Stafford v. Reed, 363 Pa. 405, 70 A.2d 345 (1949). The Stafford decision, however, holds only that an appellate tribunal may decide on review whether evidence presented to the jury is "clear, precise and indubitable". While an appellate tribunal has the power to determine whether a jury's verdict coincides with the standard of evidence required to support it, neither a trial court nor an appellate tribunal under the circumstances at bar can remake a jury's verdict. In the case at bar the jury's verdict had to be founded on a preponderance of the evidence and this tribunal can overturn such a determination only where it is unsupported by a prepon-

---

2. Mannke did not deny the authenticity of his signature.

3. See, e. g., Law v. Reading Co., 312 F. 2d 841 (3 Cir. 1963); In re Mather's Estate, 410 Pa. 361, 189 A.2d 586 (1963);

Montgomery v. Levy, 406 Pa. 547, 177 A.2d 448 (1962).

4. See, e. g., Cleland v. Peters, 73 F.Supp. 769 (E.D.Pa.1947); Youngwood Building & Loan Ass'n v. Henry, 137 Pa.Super. 124, 8 A.2d 427 (1939).

derance of the evidence. We conclude that the court below did not err in instructing the jury as to the "policy" of the law of Pennsylvania. See Callen v. Pennsylvania R. Co., 162 F.2d 832 (3 Cir. 1947); Chicago & N. W. Ry. Co. v. Wilcox, 116 F. 913, 914 (C.C.A. 8, 1902); Restatement, Contracts, Sections 402, 511.

As to the court's refusal to charge in the precise terms requested by Mannke, we find no error for the trial judge adequately covered the substance of Mannke's refused requests in his charge. It is obvious that a court need not adhere to the precise words of charges requested. We conclude that the court below did not commit reversible error. The court below presented to the jury a balanced statement of the law, saying, "Now a valid release is an absolute bar to recovery for everything included in the release, and it can only be set aside as any contract, even the most solid contract or a deed can be set aside, in the presence of clear, precise, and indubitable evidence of fraud, accidental means or incompetence of the party who is alleged to have signed it.

"You may know that the law determines that certain persons are incompetent to bind themselves legally. You may be familiar with the law relating to minors, that a minor cannot sign a binding contract because the law says that they are incompetent. It is also possible that a determination of law is made that a person when executing a contract was in such a state of mind that he was for all purposes without the ability to agree or to bind himself, and in some circumstances where situations continue in that field, a person may have official legal recognition of that when a guardian would be appointed for such persons because of the fact that they could not be competent."[5] This charge was sufficient and sufficiently clear. No substantial issue as to lack of equity is presented.

The last point which merits discussion is whether error was committed when the court below opened the default judgment which was entered against Moore and Company. Its answer was filed two days late. Rule 55(c), Fed.R. Civ.Proc., 28 U.S.C. provides that a court may set aside the entry of a default judgment for good cause. No harm has come to Mannke by reason of this delay. The ends of justice appear to have been served by a trial on the merits. Rule 1 of the Civil Rules. We cannot say that the court below abused its discretion by setting aside the default judgment.

The judgment of the court below on the merits will be affirmed.

---

5. Notes of Testimony 184–85.