In Re: Consolidated Return of Sale of Properties for Delinquent Taxes by the Fayette County Tax Claim Bureau etc.

Herman Reynolds et ux. *v.* Carl K. Nestor et ux. County of Fayette, Appellant.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Philip T. Warman,* County Solicitor, for appellant.

*George L. Hallal,* with him *Robert L. Webster,* for appellees.

OPINION BY JUDGE BLATT, July 14, 1980:

The County of Fayette appeals here from an order of the Court of Common Pleas of Fayette County which invalidated a tax sale of real property owned by Carl and Clarice Nestor (Nestors).

The Nestors lived on the subject property in Perryopolis until 1963 when they moved to Smithfield, Pennsylvania, where they lived for nine years. In 1972, they moved to Reynoldsville, West Virginia and in 1973 again moved to Wolf Summit, West Virginia. Each time the Nestors moved they notified the tax collector of their change of address and in fact received all of their tax bills. The delinquency of tax payments for 1972 apparently came about due to the failure of the life tenant (Mrs. Nestor's brother) to pay his

share of the taxes owed. On June 26, 1973, after receiving a return of the unpaid 1972 taxes, the Tax Claim Bureau sent a notice of return and entry of claim to the Nestors by certified mail at the Perryopolis address, at which they had not lived for ten years. This notice was returned to the Tax Claim Bureau marked "unclaimed", and the notice of the return of the unpaid 1972 taxes was posted on the subject property on December 1, 1973. A subsequent notice of the tax sale was also sent to the Perryopolis address, and, upon its return "unclaimed" to the Tax Claim Bureau, the property was again posted with a notice of the tax sale. The property was purchased by Herman and Sarah Reynolds at the sale, and, upon learning of the sale, the Nestors filed exceptions contending that the sale was not properly conducted in accordance with the Real Estate Tax Sale Law[1] (Law). After a hearing, the exceptions were sustained, the sale was set aside, and this appeal followed.

The court below concluded that the Tax Claim Bureau had failed to comply with Section 308 of the Law, 72 P.S. §5860.308 which provides in pertinent part as follows:

> Not later than the thirty-first day of July of each year . . . , the bureau shall give notice of the return of said taxes and the entry of such claim to each delinquent taxable, by United States registered mail, or United States certified mail, return receipt requested, postage prepaid, addressed to the owner personally at his last known post office address. . . . [I]f a notice mailed to an owner at such last known post office address is not delivered to him by the postal authorities, then notice as herein provided shall

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.101 et seq.

immediately be posted on the property affected. ... [I]f payment of the amount due the several taxing districts for said taxes is not made to the bureau on or before the thirty-first day of December next following, ... the said claim shall become absolute. ... (Emphasis added.)

The court found that "the posting was not immediate as is statutorily prescribed and as such the tax sale was without due process of law since the notice provision was not strictly complied with." The court, therefore, held that the tax sale was "void and of no effect".

We do not believe that the court below abused its discretion in reaching its conclusion. There was clearly no evidence offered by the County to explain the unreasonable delay from the date of mailing, June 26, 1973, to the date of the posting on December 1, 1973. In addition, we held in *In Clawson Appeal,* 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979) that the "last known post office address" to which notices must be mailed is the address known by the local tax collector. Here the record clearly reveals that the local tax collector has the current address of the Nestors available at all times, and actually mailed all tax notices to them at whatever was then their current address. Under these circumstances, there was no reason for the Tax Claim Bureau to use an address 10 years old, especially in view of the fact that it would have known of the tax payments made to the tax collector in 1973 when it prepared the upset price for the tax sale in 1974. This would clearly have placed it on notice that the taxpayers had been in touch with the tax collector after the 1972 delinquency, and that he would therefore have had a more current address which the Bureau should have used.

The order of the court below is affirmed.

## ORDER

AND Now, this 14th day of July, 1980, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is hereby affirmed.