75 Pa. Commonwealth Ct. 108 (1983)
In Re: Consolidated Return of the Tax Claim Bureau of the County of Delaware etc. Glyder Realty Corp., Appellant.
No. 49 C.D. 1982.
Commonwealth Court of Pennsylvania.
Argued December 16, 1982.
June 17, 1983.
Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MacPHAIL, sitting as a panel of three.
*109 Edwin E. Thompson, with him Alfred O. Breinig, Jr., for appellant.
Rose M. Hykel, Francis Pileggi Law Associates, with her James E. Del Bello, Assistant County Solicitor, for appellees.
OPINION BY JUDGE MacPHAIL, June 17, 1983:
Glyder Realty Corp. (Appellant), the purchaser at a tax sale of real estate owned by one Sara C. Beitler (Landowner), appeals from an order of the Court of Common Pleas of Delaware County setting aside the sale.
There is no dispute as to the relevant facts. Landowner was the owner of and resided in the subject real estate at all relevant times. The Delaware County Tax Claim Bureau sold the real estate on October 29, 1979 to collect delinquent 1977 and 1978 taxes. Appellant was the highest bidder at the tax sale. The sale was confirmed absolutely and a tax deed was issued to and recorded by Appellant.
When Appellant attempted to take possession of the real estate by legal process, the issue of Landowner's competency was raised for the first time. After an evidentiary hearing, the trial judge on May 12, 1981, found that Landowner was incompetent and that she had been incompetent in 1978 and 1979. Appellant has not challenged those findings.
The trial judge then ordered the tax sale to be set aside.
*110 Appellant's brief frames the issue for our resolution in the following language:
Was it proper for a common pleas court to set aside an otherwise valid tax sale for the sole equitable reason that the delinquent taxpayer was later found to have been incompetent at the time of the sale, though no decree of incompetency was made or filed of record until long after the tax sale was confirmed absolutely and though a tax deed was issued to and recorded by the purchaser, and though the taxing authorities had no knowledge, or reason to know, of such incompetency?
The trial court frames the issue in somewhat different terms:
Thus, the issue boils down to whether the giving of notice to an incompetent meets the notice requirement of our rules.
We begin with Section 607(g) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. § 5860.607(g) which provides that where a tax sale is confirmed absolutely, the sale shall not be inquired into judicially thereafter by the person in whose name the property was sold or by any other person. This Court has uniformly held on many occasions, however, that where the sale has not been conducted in strict accord with the provisions of the Law[1] the sale will be set aside. Boehm v. Barnes, 63 Pa. Commonwealth Ct. 87, 437 A.2d 784 (1981) and Casanta v. Clearfield County Tax Claim Bureau, 62 Pa. Commonwealth Ct. 216, 435 A.2d 681 (1981). The trial court here found that Landowner was incapable of understanding the meaning and of realizing the significance of the notices from the tax bureau and, therefore, was not able to take positive action to prevent *111 her home from being sold. The trial court reasoned that such circumstances placed this sale in the same category with those tax sales where the Court found that inadequate notice had been given. In support of its opinion in this regard, the trial court relied upon In Re: Tax Sale Exceptions, Mrs. Harrison Queer, 27 Som. 5 (C.P. Pa. 1971). In that case, the trial court held that the statutory requirement that notice be given in a certain manner, presumed that the owner would be a person of ordinary competency and understanding and capable of protecting his interests. Where evidence to the contrary was present, however, the trial court ruled that the considerations of due process and public policy would, and did, require that the sale be upset, and that the right of a citizen not to be deprived of his property outweighs any detriment to the taxing authority or the purchaser.[2] Believing that the trial court in the Somerset County case had reached the correct result, the trial court in the instant case came to the same conclusion and utilized the provisions of Pa. R.C.P. No. 2056(d)[3] to vacate the final decree in the instant case.[4]
*112 Appellant contends that once the sale was confirmed absolutely and notice was given as required by the Law, the trial court could not, thereafter, set aside the tax sale because such action would defeat the legislative purpose of providing speedier and more efficient procedures for enforcing tax liens and improving the quality of title obtained at tax sales. Povlow v. Brown, 12 Pa. Commonwealth Ct. 303, 315 A.2d 375 (1974). It is true that the recent addition of Section 607 (a.1) (3) to the Law, 72 P.S. § 5860.607(a.1) (3),[5] states that no sale shall be defeated and no title to property sold shall be invalidated because of proof that the mail notice as therein required was not received by the owner, provided that such notice was given as prescribed by the statute. As we have noted, there is no dispute that the required notice here was given as required by Law.
Similar statutory language was examined by the First District Court of Appeal in Florida in Stubbs v. Cummings, 336 So.2d 412 (1976). That Court held that where notice had been given as required by statute, a tax sale was valid even though notice had been given to one who was formerly the owner but who had subsequently devised the subject property to his daughter and notwithstanding the fact that the actual landowner was an adjudicated incompetent at the time the taxes fell delinquent and notice was given, and although no guardian had ever been appointed. The Florida court recognized the hardship imposed upon the landowner by its decision but held it was the function *113 of the legislature to impose such duties upon county officials charged with the collection of taxes as it saw fit and that where no provision was made in the statute for incompetents, the same rules which applied to everyone else likewise applied to parties under disability.
In Covey v. Somers, 351 U.S. 141 (1956) the United States Supreme Court held a tax sale to be violative of the due process guarantees under the 14th Amendment to the United States Constitution, U.S. Const. amend. XIV, where the notice was given to a landowner known by the taxing authority to be incompetent although she was not formally adjudicated until after judgment of foreclosure had been entered. The taxing authority argued that the provisions of the 14th Amendment did not require it to take any measures in giving notice to an incompetent beyond those deemed sufficient in the case of an ordinary taxpayer. Quoting from a prior case, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315 (1950), Chief Justice WARREN wrote:
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.
Covey, 351 U.S. at 146. The U.S. Supreme Court went on to say that notice to a person known to be an incompetent who is without a guardian does not measure up to the Constitution's requirement of due process.
*114 The learned trial judge in the instant case noted that the government has a primary responsibility to protect the property rights of its citizens and to see that "due process in all its concepts" is had before title to real property is divested. The trial court found as a fact, again not challenged, that the landowner was unable to understand the meaning and significance of the notices sent to her because of her incompetency.
It is apparent that the facts of this case are distinguishable from those in both Stubbs and Covey but we think the language we have quoted from Covey, supra, is fully applicable to the case now before us and, with due respect, we believe the Florida court may have erred in the result it reached.
In Ross Appeal, 366 Pa. 100, 76 A.2d 749 (1950) our own Supreme Court held that the strict provisions of the Law were never meant to punish taxpayers who omitted through oversight or error to pay their taxes; rather the law was intended to protect the local government against willful, persistent and long standing delinquents for whom the Court had little sympathy. Our own Court's insistence upon strict compliance with the notice provisions of the Law is to assure that the landowner is fully aware of the default and of the proposed sale and thereby to guard against deprivation of property without due process of law. To give notice to a person who cannot comprehend it through no fault of that person is a "mere gesture" which would not afford the notice required to satisfy the due process requirements of the United States Constitution, thus rendering a tax sale pursuant to such defective notice, invalid.
Appellant argues that such a result renders every tax sale vulnerable to a claim of incompetency. That may be true, but courts require convincing proof of incompetency before an adjudication is entered. The *115 long range consequences of such an adjudication are a sufficient deterrent to bogus claims.
Appellant contends that incompetency adjudications should have prospective application only. Gorgas v. Saxman, 216 Pa. 237, 65 A. 619 (1907) and Owens Appeal, 167 Pa. Superior Ct. 10, 74 A.2d 705 (1950). Citing to Section 5524 of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 5524,[6] Appellant concludes that the legislature thus recognized that the integrity of land titles should be protected at the expense of the rights of incompetents. Without determining the accuracy of that observation, we see a significant difference between the situation where one is the bona fide grantee in a deed from someone subsequently adjudicated to be an incompetent and the situation here presented where a court determines that at the time a statutorily mandated notice is given, the person to whom it is given cannot comprehend its meaning by reason of incompetency and her property is then sold because she failed to act to protect her interest. We are here dealing not only with the integrity of real estate title but also with concepts of fundamental due process. In such a contest, we agree with the trial court that the rights of the individual to whom process is due must prevail.
Order affirmed.

*116 ORDER
The order of the Court of Common Pleas of Delaware County dated December 7, 1981 is affirmed.
NOTES
[1] Section 607(a) of the Law, 72 P.S. § 5860.607(a).
[2] It is noted that in the Somerset County case, exceptions were filed and a judicial decision rendered before final confirmation of the sale occurred.
[3] Pa. R.C.P. No. 2056(d) reads as follows:

If, at any time after the conclusion of the trial, or after the entry of a finding, verdict or judgment against a party from whom relief is sought, the court shall find that such party was incompetent at the time of the entry of such finding, verdict or judgment and was not represented in the action by a guardian or a guardian ad litem, the court may vacate the finding, verdict or judgment and may enter an order in the nature of procedendo.
[4] Appellant argues that since the word "decree" is omitted from the Rule, our Supreme Court has prohibited by implication the invocation of the Rule where a decree as opposed to a judgment or verdict has been entered. We think such a narrow interpretation of the Rule is unwarranted. The effect and intent of the Rule is to provide a means whereby an incompetent person's estate is protected from the consequences of legal proceedings instituted while the party determined to be responsible was, in fact, legally incompetent. Whether the legal writ is denominated a judgment or a decree is, in our opinion, immaterial.
[5] Added by Section 6 of the Act of July 10, 1980, P.L. 417, 72 P.S. § 5860.607(a.1) (3).
[6] Section 5524 reads as follows:

An incompetent shall be incapable of making any contract or gift or any instrument in writing after he is adjudged incompetent and before he is adjudged to have regained his competency. This section shall not impair the interest in real estate acquired by a bona fide grantee of, or a bona fide holder of a lien on, real estate in a county other than that in which the decree establishing the incompetency is entered, unless the decree or a duplicate original or certified copy thereof is recorded in the office of the recorder of deeds in the county in which the real estate lies before the recording or entering of the instrument or lien under which the grantee or lienholder claims.