563 A.2d 1291

**Earl J. RAYNES and Ruth B. Raynes, his wife**

v.

**Lucille M. O'BRIEN and Tax Claim Bureau of Dauphin County.**

**Appeal of Lucille M. O'BRIEN, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Sept. 8, 1989.

---

514

John W. Frommer, Smigel, Anderson & Sacks, Harrisburg, for appellant.

Robert G. Radebach, Etzweiler & Radebach, F.R. Martsolf, Harrisburg, for appellees.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Lucille M. O'Brien appeals from an order of the Dauphin County Court of Common Pleas denying post-trial motions which she filed in response to the trial court's order confirming a tax sale of her property pursuant to tax delinquency.

Mrs. O'Brien was divorced in April of 1981 and pursuant to a settlement agreement following her divorce, received sole ownership of the marital residence located at 431 Rosewood Lane in Swatara Township. The real estate taxes on this property became delinquent in 1981 and 1982. The Tax Claim Bureau of Dauphin County (Bureau) notified Mrs. O'Brien in July of 1983 that the property was scheduled for tax sale in light of the 1981 tax delinquency. In addition, Mrs. O'Brien also received a tax claim notice for the 1982 taxes. Mrs. O'Brien entered into an installment payment agreement with the Bureau for the 1981 taxes in August of 1983. However, after making two payments on the 1981 taxes, she defaulted. Mrs. O'Brien failed to take any action with regard to the 1982 tax delinquency. Accordingly, her property was sold to Earl J. and Ruth B. Raynes in November of 1984, for the delinquent 1982 taxes.

Mrs. O'Brien refused to relinquish the property to the Raynes'. The Raynes' filed a complaint with the trial court to quiet title. Mrs. O'Brien filed an answer to that complaint and an additional complaint in equity against the Bureau,[1] seeking to have the sale of her home set aside. The trial court entered an order setting aside the tax sale for failure to provide adequate notice under Section 308 of the Act, 72 P.S. § 5860.308.

The order was appealed and Senior Judge Barbieri, writing for this Court, reversed the trial court's order, holding that the notice sent to Mrs. O'Brien was adequate. We remanded the case for consideration of two issues which

1. Section 607(g) of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.607, provides for the filing of an action in equity or by civil proceedings to set aside the tax sale on the basis of inadequate notice.

were not considered by the trial court: whether Mrs. O'Brien was incompetent at the time of the receipt of notice and at the time of the tax sale; and, whether the premises were sold for an active price. 117 Pa.Cmwlth. 434, 543 A.2d 630.

On remand, the trial court determined that Mrs. O'Brien was not incompetent from July, 1983, the time which she received notice, until November, 1984, the time of the tax sale. The trial court also held that the price paid for the property at the tax sale was satisfactory. Accordingly, the trial court concluded that there was no basis for setting aside the sale. Post-trial motions were filed and denied by the trial court. Mrs. O'Brien now appeals to this Court.

Mrs. O'Brien contends that the trial court erred in applying the "clear and convincing" standard of proof in determining whether she was incompetent at the time she received notice or at the time of the sale. She also submits that the trial court's decision was against the weight of the evidence.[2]

In requesting that the trial court declare her incompetent, Mrs. O'Brien referred the trial court to the definitions of incompetency contained in both Pa.R.C.P. No. 2051 and Section 5501 of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S. § 5501. The definition as set forth in Pa.R.C.P. No. 2051 is used in determining whether or not an individual may participate as a party in any proceeding in the Pennsylvania court system. The definition contained in 20 Pa.C.S. § 5501 is utilized in establishing incompetency through a petition to the Court of Common Pleas. Both definitions are similar in content.[3]

2. Mrs. O'Brien has not raised any issue with respect to the price obtained for the property at the tax sale.

3. Pa.R.C.P. No. 2051 defines "incompetent" as a person
   (a) who has been adjudicated incompetent or
   (b) who, because of infirmities of old age, mental illness, mental deficiency or retardation, physical incapacity, drug addiction or inebriety, is found by the court in the pending action
      (1) to be unable to manage his property, or to be liable to dissipate it or become the victim of designing persons, or

Mrs. O'Brien sought relief from the trial court under Pa.R.C.P. No. 2056(d) which provides that:

> (d) If, at any time after the conclusion of the trial, or after the entry of a finding, verdict or judgment against a party from whom relief is sought, the court shall find that such party was incompetent at the time of the entry of such finding, verdict or judgment and was not represented in the action by a guardian or a guardian ad litem, the court may vacate the finding, verdict or judgment and may enter an order in the nature of a procedendo.

Mrs. O'Brien asserted that she was incompetent and was not represented by a guardian throughout the tax sale proceedings and, therefore, the tax sale should be set aside.

In determining the burden of proof to be imposed upon Mrs. O'Brien in proving her incompetency, the trial court noted that there were no cases defining the burden under Pa.R.C.P. No. 2056(d). Accordingly, the trial court looked for guidance to cases which define the burden of proof in establishing incompetency under 20 Pa.C.S. § 5511. Citing *Appeal of Caine*, 490 Pa. 24, 415 A.2d 13 (1980), the trial court determined that a clear and convincing standard of proof should be applied. Applying this standard in evaluating the testimony adduced at the trial held in June of 1986, the trial court concluded that Mrs. O'Brien had not shown by clear and convincing evidence that she was incompetent during the pertinent time period.

Particularly, the trial court noted that Mrs. O'Brien presented the testimony of five mental health professionals who had contact with her during the period of her supposed incompetency. After thorough review of each of these

(2) to lack sufficiency capacity to make or communicate responsible decisions concerning his person or property;

and 20 Pa.C.S. § 5501 provides:

'Incompetent' means a person who, because of infirmities of old age, mental illness, mental deficiency or retardation, drug addiction or inebriety:

(1) is unable to manage his property, or is liable to dissipate it or become the victim of designing persons; or

(2) lacks sufficient capacity to make or communicate responsible decisions concerning his person.

witnesses' testimony, the trial court noted that none of the witnesses deemed Mrs. O'Brien's condition in August through September of 1983 to warrant the initiation of formal incompetency proceedings. The trial court further stated that it would not equate incompetency with the exercise of bad judgment.

Further, the trial court noted that the testimony of the mental health professionals indicated that Mrs. O'Brien understood the tax sale notices and their significance, that her home would be sold at a tax sale for less than the fair market value and that these financial circumstances were the root of any manifestation of mental illness, depression or anxiety on the part of Mrs. O'Brien.

Our review of the trial court's disposition of this matter indicates that it thoroughly examined the testimony of the witnesses presented and applied the correct burden of proof in making its determination. Mrs. O'Brien's contention that a preponderance of the evidence burden of proof should have been applied in her case is without merit.

Mrs. O'Brien argues that the underlying purpose of applying the clear and convincing standard of proof has been to safeguard against the deprivation of a person's personal and property rights. She submits that in this particular case the evidence of incompetency is offered not to deprive her of control of her property, but rather to protect and preserve her property rights.

We decline to accept Mrs. O'Brien's reasoning and hold that the clear and convincing burden of proof was correctly applied by the trial court. The sale of property due to delinquent taxes is essential to viable government. Were this Court to lessen the burden of proof upon the taxpayer in his attempt to set aside the sale on the basis of incompetency, we would be disregarding the rights of the purchaser of the property. Moreover, this could encourage more attacks on the validity of tax sales on the basis of incompetency. Finally, this Court, in *Glyder Realty Corp. Appeal*, 75 Pa.Commonwealth Ct. 108, 461 A.2d 1329 (1983), empha-

sized that the safeguard against bogus incompetency claims was the fact that "courts require *convincing* proof of incompetency before an adjudication is entered." *Id.,* 75 Pa.Commonwealth Ct. at 114, 461 A.2d at 1332.

We decline to adopt a new standard and emphasize that had the legislature intended that a lesser burden apply in this instance it could have inserted such a directive in the Act. It has not done so and until such time as it chooses to do so, we will adhere to the standard as established.

■ Finally, Mrs. O'Brien submits that the trial court's decision is against the weight of the evidence. We disagree. As noted previously, none of the witnesses testified that Mrs. O'Brien's condition during the pertinent time period warranted the initiation of formal incompetency proceedings. More specifically, one witness, Edward Sykes, a caseworker with Family and Children Services of Harrisburg, testified that he did not consider the initiation of formal incompetency proceedings because he did not believe that Mrs. O'Brien was legally incompetent. He also testified that he was able to make Mrs. O'Brien understand the reality of her situation. Another witness, Robert Piccolo, a psychiatric social worker at the Hamilton Health Center, stated that Mrs. O'Brien understood that if she failed to make the delinquent tax payments she would lose her home. Dr. Jeanette Morales testified that she was unable to state with a reasonable degree of medical certainty that Mrs. O'Brien was unable to manage her property because of mental illness or deficiency. On the basis of this testimony, we must conclude that the trial court's decision was not against the weight of the evidence.

For all of the foregoing reasons, we affirm the order of the trial court.

## ORDER

AND NOW, this 8th day of September, 1989, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.