## Tax Sale by Tax Claim Bureau

*Norman Yoffe*, for exceptants.
*F.R. Martsolf*, for tax claim bureau.
*Robert G. Radebach*, for Joy Shields.

NATALE, *J.*, October 2, 1989 — Presently before the court are exceptions filed to the confirmation of Tax Sale Number 778, filed by the record property owners, Mr. Ranieri and Ms. Robson (hereinafter, the exceptants).

Exceptants purchased 1908 Penn Street, Harrisburg, Dauphin County, Pennsylvania, in 1983. Testimony revealed that Ms. Robson was co-owner and co-signer on the mortgage but never resided at the property. In 1984, Ms. Robson bought a house at 2117 Brookwood Street, Harrisburg, where she has resided from roughly the date of acquisition until the present time. Mr. Ranieri resided at 1908 Penn Street from time to time. It was a matter of great confusion to all at the hearing where and when Mr. Ranieri resided anywhere. However, there being no law of which this court is aware that mandates where our citizens live (unless directed to reside in

a penitentiary), this cannot be held against him save to the extent it becomes relevant to the reasonableness of the Tax Claim Bureau's actions.

The records maintained by the Dauphin County Tax Claim Bureau reflected mailing addresses for the exceptants to be 1908 Penn Street.

The 1985 real estate taxes for 1908 Penn Street were not paid when due. In July 1987, a notice of sale was sent to Ms. Robson at 1908 Penn Street. It was returned by the U.S. Post Office as "vacant." Checking their records, the Tax Claim Bureau found a Debora L. Robson owning and residing at 2117 Brookwood Street. The 1987 notice of sale was sent to Ms. Robson at the Brookwood Street address. The proof of mailing came back complete. The taxes were paid (although the Tax Claim Bureau has no record of who paid them). The 1987 tax sale was avoided on 1908 Penn Street.

The 1986 and 1987 real estate taxes were not paid for 1908 Penn Street. On July 10, 1987 the notice of claim was mailed to both exceptants at the 1908 Penn Street address. The certified notice was returned marked "moved, no forwarding, vacant house."

Despite the fact that within the month the Tax Claim Bureau successfully located and served Ms. Robson with the 1987 notice of sale (for unpaid 1985 taxes), the taxes were subsequently paid and the 1987 sale avoided, the Tax Claim Bureau made no further attempt to mail the notice of claim for the 1986 taxes. Instead, they did nothing until March 2, 1988, when they posted 1908 Penn Street with the notice of claim advising that the property owners had until December 31, 1987, two months already past, to pay or file exceptions or the claim would become absolute under 72 P.S. §5860.308. The

director of the Tax Claim Bureau testified that she had no explanation for the delay in posting.

The notices of sale for the 1988 tax sale were sent certified mail to the exceptants at the 1908 Penn Street. They were returned unclaimed. The property was posted.

On September 28, 1988, the property was sold for 1986 and 1987 taxes to one Joy Shields, who subsequently had work done on the property.[*]

## DISCUSSION

Notice provisions of the Tax Sale Law have long been strictly construed to guard against deprivation of the property without due process of law. The "strict provisions of the Real Estate Tax Sale Law were never meant to punish taxpayers who omitted through oversight or error . . . to pay their taxes." *Ross Appeal,* 366 Pa. 100, 107, 76 A.2d 749, 753 (1950), cited with approval in *Tracy v. County of Chester Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985). The Supreme Court has noted that "the purpose of the tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." *Hess v. Westerweck,* 366 Pa. 90, 98, 76 A.2d 745, 748 (1950), cited with approval in *Tracy, supra,* 507 Pa. at 297, 489 A.2d at 1339.

Because of this strict construction, a taxing authority must do more than merely send notices out

[*] This court has sympathy for this innocent purchaser of the property. She will, of course, be refunded her purchase price. The court was distressed to learn at the hearing that she had spent other moneys on the property as well. One case has held that a purchaser at a tax sale who makes improvements to the property is entitled to reimbursment from the county, if it is the county's error which resulted in hardship to the tax sale purchaser. *In re LaBracio,* 32 D.&C. 3d 642 (1984). This issue is not before the court at this time.

to the last listed addresses of property owners. In *Tracy, supra,* the Supreme Court held as follows:

"[W]e hold that where a taxing authority intends to conduct a sale of real property because of non-payment of taxes, it must notify the record owner of property by personal service or certified mail, *and where the mailed notice has not been delivered because of an inaccurate address,* the authority must make *reasonable effort* to ascertain the identity and whereabouts of the owner(s)." *Id.* at 296, 489 A.2d at 1339. (emphasis in original)

In the *Tracy* case, the Supreme Court noted a reasonable effort would have been to make inquiry of the records maintained by the office of the Secretary of the Commonwealth to determine the identity and addresses of the partners (the record owner was a partnership with a fictitious name).

The concept of a duty upon taxing authority to make reasonable efforts to locate owners where certified mail is returned unclaimed is now contained in the act. Section 5860.607(a), Additional Notification Efforts, is quite specific in outlining the duties of a tax claim bureau:

"(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and

notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

"(b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act." 72 P.S. §5860.607(a).

Turning to the case at bar, the court must uphold the exceptions. No concept of due process of law could uphold posting the notice of claim two months after the claim became absolute. (See also, *In re Consolidated Return of Sale of Properties,* 53 Pa. Commw. 25, 416 A.2d 636 (1980), where the Commonwealth Court invalidated a sale because the notice of claim was not posted until December 1. In that case, however, the prior section 5860.308 stated the notice must be posted "immediately" after the post office returned a mailed notice as not delivered.)

Further, despite successful service of Ms. Robson at her Brookwood Street address in 1987, the Tax Claim Bureau made no efforts in 1988 to find her. As discussed above, the bureau has a clear legal duty to do so. There was ample evidence that a mere

24

check of their own computer would have yielded the Brookwood Street address.

No proper service having been made on Ms. Robson, the sale must be declared void. The service attempts on Mr. Ranieri need not be discussed.

ORDER

And now, October 2, 1989, for the reasons contained in the court's opinion issued this date, the court enters the following:

(1) The exceptions to the tax sale are granted.

(2) The tax sale of property number 778, 1908 Penn Street, Harrisburg, Dauphin County, Pa., parcel number 11-7-64, is void for insufficient notice and is hereby set aside.

(3) The Dauphin County Tax Claim Bureau is directed to reimburse Joy Shields all moneys paid to the County of Dauphin for the purchase of the property.