# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy J. Zelno,  :
              Appellant  :
                         :
           v.  :  No. 355 C.D. 2020
                         :  SUBMITTED: December 7, 2020
Edward Lyons and Tax Claim Bureau  :
of York County, Pennsylvania  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge[1]
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: January 26, 2021**


Nancy J. Zelno appeals from an order of the Court of Common Pleas of York County denying her petition to set aside the tax sale of September 27, 2018 of the property located at 1708 Condor Drive, Dover, Pennsylvania, to Edward Lyons. This case involves the conflation of procedures under the Real Estate Tax Sale Law (Tax Sale Law)[2] for challenging tax claims with those governing tax sales. We affirm.

The facts are essentially undisputed.[3] Zelno previously owned the subject property and the parties stipulated that she resides there. (Trial Court's Apr. 13, 2020 Op. at 1.) Following her failure to pay outstanding real estate taxes for

---

[1] This case was assigned to the opinion writer prior to January 4, 2021, when Judge Brobson became President Judge.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

[3] The trial court in its April 2020 opinion incorporated its decision from the March 10, 2020 bench trial and referenced the parties' March 6, 2020 stipulations of fact. (Trial Court's Apr. 13, 2020 Op.; Reproduced Record "R.R." at 104a-09a.)

2016, the Tax Claim Bureau of York County mailed Zelno a notice of the tax claim via certified mail pursuant to Section 308 of the Tax Sale Law.[4] However, the notice "was returned, unsigned to the Bureau on April 17, 2017." (*Id*.) When mailed notice is "not delivered by the postal authorities, then notice . . . shall be posted on the property affected." 72 P.S. § 5860.308. However, there was no posting of the notice of the tax claim. (Trial Court's Apr. 13, 2020 Op. at 1.)

Subsequently, the Bureau decided to expose the property to a September 2018 tax sale for failure to pay real estate taxes. The Bureau followed the procedures prescribed for tax sales found in Section 602 of the Tax Sale Law,[5] in contrast to its failure to follow all of the procedures for tax claims found in Section 308. On July 16, 2018 at 7:15 p.m., Palmetto Posting, Inc. completed personal service on Zelno and posted the property. (Trial Court's Mar. 10, 2020 Bench Trial Decision at 2.) Additionally, the Bureau mailed notice of the tax sale on August 2, 2018, which was returned unsigned on September 14, 2018. (Trial Court's Apr. 13, 2020 Op. at 1.) At the tax sale, Lyons bought the property for $29,000, $30,853.75 with final costs. (*Id*.)

In March 2019, Zelno filed a petition to set aside the tax sale averring lack of notice of the tax claim. Notwithstanding a determination that the averment opened the courthouse door thereby permitting Zelno to move forward with a challenge to the underlying tax claim, the trial court concluded that she failed to establish that the tax claim itself was improper. Accordingly, it denied Zelno's petition. Her timely appeal to this Court followed.

---

[4] 72 P.S. § 5860.308.

[5] 72 P.S. § 5860.602.

2

On appeal, Zelno argues that the trial court erred in denying her petition to set aside tax sale where there was an underlying failure to comply with Section 308 of the Tax Sale Law pertaining to tax claims.[6] In other words, notwithstanding the Bureau's compliance with Section 602 of the Tax Sale Law pertaining to tax sales, Zelno maintains that the trial court should have granted her petition based on lack of notice of the underlying tax claim under Section 308.

The General Assembly enacted separate procedures for challenging the underlying tax claims giving rise to tax sales and the validity of the tax sales themselves. The *exclusive* procedure for challenging the failure of notice of tax claims, found in Section 314(e) of the Tax Sale Law, provides:

> No taxpayer shall have the right to proceed by petition to the court of common pleas to open a claim absolute under the provisions of this act, except on the ground of payment of the tax involved or failure to receive notice. The remedy provided by this section to contest a tax claim entered shall be deemed to be exclusive except as herein otherwise provided.

72 P.S. § 5860.314(e).

---

[6] The trial court determined that Zelno waived all issues on appeal based on the insufficiency of her concise statement of errors raised on appeal. We disagree. The concise statement provided:

> This Honorable Court [trial court] erred in upholding a tax upset sale and denying Nancy J. Zelno's Petition to Set Aside the Tax Upset Sale of her property at 1708 Condor Drive, Dover[,] Pa[.] 17315 by the Tax Claim Bureau of York County on September 27, 2018, irrespective of the fact that the parties stipulated that [she] was not served Notice of the Return of Taxes and Entry of Claim as required by 72 P.S. § 5860.308(a) of the Pennsylvania Statutes.

(Trial Court's Apr. 13, 2020 Op. at 2.)

3

Section 607(d) of the Tax Sale Law governs challenges to the validity of tax sales and provides that "[a]ny objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered." 72 P.S. § 5860.607(d). Consequently, the General Assembly "limited challenges to tax sales by the [b]ureau to owners or lien creditors of the real estate and then limited them only to filing objections or exceptions to the 'regularity or legality of the proceedings of the bureau in respect to such sale.'" *In re Consol. Sale of Props. for Delinq. Taxes by the Westmoreland Cnty. Tax Claim Bureau for the Year 1991*, 646 A.2d 751, 754 (Pa. Cmwlth. 1994).

By virtue of the plain language of the statutory provisions at issue,[7] Zelno's position is without merit. Zelno failed to avail herself of the exclusive remedy for challenging tax claims found in Section 314(e) and, instead, chose to pursue the procedures for challenging tax sales found in Section 607(d). In other words, she attempted to litigate lack of notice of the tax claim via her petition to set aside the tax sale despite the absolute confirmation of the tax claim. As the trial court observed, she admitted that the amount of the claim was correct and that the taxes had not been paid. In other words, she "conceded that the amount of taxes was, in fact, correct and the challenge was simply to the lack of receiving notice." (Trial Court's Mar. 10, 2020 Bench Decision at 3.) However, despite actual notice

---

[7] The object of statutory construction is to ascertain and to effectuate legislative intent. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). Consequently, we are mindful that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). As a general rule, the best indication of legislative intent is the plain language of a statute. *Malt Bevs. Distribs. Ass'n v. Pa. Liquor Control Bd.*, 974 A.2d 1144, 1149 (Pa. 2009).

4

of the impending tax sale at least as early as July 2018 when personal service of the notice of tax sale was completed, Zelno failed to challenge lack of notice of the tax claim under Section 314(e) or simply pay the taxes due and owing.

Moreover, we are not persuaded by the three cases that Zelno cites in support of her position that tax sales necessarily must be set aside due to issues with the underlying tax claims. In *Watson v. Ciaffoni*, 122 A.2d 56 (Pa. 1956), the Supreme Court determined that a tax sale was correctly overturned where the owners received neither notice of the tax claim nor the tax sale and the taxing authorities were at fault. The Court recited the vital importance of Section 308(a)'s registered mail notice of the tax claim, citing Section 314(e)'s provision that "[n]o taxpayer shall have the right to proceed by petition to the court of common pleas to open a claim absolute under the provisions of this act, except on the ground of payment of the tax involved or failure to receive notice." 72 P.S. § 5860.314(e). However, the Court did not explain which lack of notice justified setting aside the sale.

In *Boehm v. Barnes*, 437 A.2d 784 (Pa. Cmwlth. 1981), this Court considered whether each partner known to the taxing bureau should have been separately regarded as a delinquent taxable for purposes of affording notice of a tax claim under Section 308. In determining that a tax sale was correctly overturned where there was a failure to provide notice of the tax claim to all owners/partners, we discussed the requirement that separate notice be given to each partner whose name appears as an owner on the tax records. Section 314 of the Tax Sale Law was not addressed.

In *In re Consolidated Return of Sale of Properties for Delinquent Taxes by Fayette County Tax Claim Bureau v. Nestor*, 416 A.2d 636 (Pa. Cmwlth. 1980), the taxing authority failed to notify the owners by mail at their last known address

of either the tax claim or the tax sale. When the owners subsequently learned of the sale, they filed exceptions to the sale seeking its invalidation. This Court affirmed the trial court's order invalidating the tax sale, *inter alia*, noting the taxing authority's failure to comply with Section 308's notice provision. Again, Section 314 of the Tax Sale Law was not addressed.

Primarily, the above three cases are distinguishable in light of Zelno's actual notice of the impending tax sale at least as early as July 2018 and her failure to take any action until March 2019 when she filed the petition at issue. *See Appeal of Neff*, 132 A.3d 637, 649 n.15 (Pa. Cmwlth. 2016) (actual notice of tax sale obviates due process concerns); *Casady v. Clearfield Cnty.*, 627 A.2d 257, 259 (Pa. Cmwlth. 1993) (where there is sufficient evidence of record to establish that the taxpayer had actual knowledge of the sale, the lack of formal adherence to the notice requirements of the Tax Sale Law did not invalidate the sale or compromise the taxpayer's due process rights). Consequently, none of the cases provides sufficient support to rule contrary to the plain language in Section 314(e) of the Tax Sale Law providing that it constitutes the exclusive remedy for challenging the failure of notice of tax claims. Without justification and absent statutory support, Zelno sought to upend an otherwise valid tax sale and challenge lack of notice of the tax claim outside the exclusive statutory framework for doing so.

Accordingly, we affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy J. Zelno,                         :
                    Appellant          :
                                        :
           v.                           :     No. 355 C.D. 2020
                                        :
Edward Lyons and Tax Claim Bureau       :
of York County, Pennsylvania            :


# **O R D E R**


AND NOW, this 26th day of  January, 2021, the order of the Court of Common Pleas of York County is hereby AFFIRMED.


---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge